1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JENNIE R. SUSKE,                          No.  2:19-CV-0959-DMC

12              Plaintiff,

13        v.                                    MEMORANDUM OPINION AND ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                Defendant.
16

17

18              Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19   review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20   Pursuant to the written consent of all parties, see ECF Nos. 9 and 13, this case is before the

21   undersigned as the presiding judge for all purposes, including entry of final judgment, see 28

22   U.S.C. § 636(c).  Pending before the Court are the parties' briefs on the merits.  See ECF Nos. 19

23   and 20.

24              The Court reviews the Commissioner's final decision to determine whether it is:

25   (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

26   whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

27   more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

28   (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

1  a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971).  The record as a whole,

2  including both the evidence that supports and detracts from the Commissioner's conclusion, must

3  be considered and weighed.  <u>See Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986); <u>Jones</u>

4  <u>v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's

5  decision simply by isolating a specific quantum of supporting evidence.  <u>See Hammock v.</u>

6  <u>Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative

7  findings, or if there is conflicting evidence supporting a particular finding, the finding of the

8  Commissioner is conclusive.  <u>See Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

9  Therefore, where the evidence is susceptible to more than one rational interpretation, one of

10 which supports the Commissioner's decision, the decision must be affirmed, <u>see Thomas v.</u>

11 <u>Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

12 standard was applied in weighing the evidence, <u>see Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th

13 Cir. 1988).

14          For the reasons discussed below, the matter will be remanded for further

15 proceedings.

16

17                      **I.  THE DISABILITY EVALUATION PROCESS**

18          To achieve uniformity of decisions, the Commissioner employs a five-step

19 sequential evaluation process to determine whether a claimant is disabled.  <u>See</u> 20 C.F.R.

20 §§ 404.1520 (a)-(f) and 416.920(a)-(f).   The sequential evaluation proceeds as follows:

21          Step 1          Determination whether the claimant is engaged in
22                          substantial gainful activity; if so, the claimant is presumed
                            not disabled and the claim is denied;

23          Step 2          If the claimant is not engaged in substantial gainful activity,
24                          determination whether the claimant has a severe
                            impairment; if not, the claimant is presumed not disabled
25                          and the claim is denied;

26          Step 3          If the claimant has one or more severe impairments,
                            determination whether any such severe impairment meets
27                          or medically equals an impairment listed in the regulations;
                            if the claimant has such an impairment, the claimant is
28                          presumed disabled and the claim is granted;

Step 4     If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied;

Step 5     If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied.

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

///

///

///

///

3

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on May 27, 2015.  See CAR 16.[1]  In the application, plaintiff claims disability began on October 16, 2014.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on February 7, 2018, before Administrative Law Judge (ALJ) Plauche F. Villere, Jr.  In a July 17, 2018, decision, the ALJ concluded plaintiff was disabled as of November 1, 2017, but not at any time prior to that date.  Specifically, the ALJ made the following relevant findings:

1.  The claimant has the following severe impairment(s): psoriatic arthritis, carpal tunnel syndrome, depression, anxiety, and attention deficit disorder;

2.  Prior to November 1, 2017, the claimant did not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3.  Prior to November 1, 2017, the claimant had the following residual functional capacity: the claimant could perform light work; she could frequently climb ramps or stairs, stoop, kneel, crouch, or crawl; she could occasionally climb ladders, ropes, or scaffolds, she was unlimited in balancing; she could frequently handle bilaterally; she could carry out simple 2-3 step instructions consistently; she could deal with the public and get along with people at work if the contact was brief;

4.  Considering the claimant's age, education, work experience, residual functional capacity, and the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 19-30.

The ALJ concluded that, beginning November 1, 2017, plaintiff was disabled pursuant to the Listings of Impairments, Listings 11.14B.4 and 14.09B.2.  See id. at 30-31.

After the Appeals Council declined review on March 21, 2019, this appeal followed.

/ / /

/ / /

---

[1]      Citations are the to the Certified Administrative Record (CAR) lodged on November 19, 2019.  See ECF No. 12.

1                                **III. DISCUSSION**

2         In her motion for summary judgment, plaintiff argues, among other things, the

3 ALJ's selection of November 1, 2017, as the onset date was arbitrary.[2]  The Court finds this

4 argument to be dispositive in plaintiff's favor.

5         Throughout the hearing decision, the ALJ references November 1, 2017, as the

6 date on which he finds disability began.  Specifically, the ALJ concluded that, as of November 1,

7 2017, plaintiff's impairments were sufficiently severe to meet the requirements of the Listing of

8 Impairments, mandating a finding of "disabled" under the regulations.  See CAR 30-31.  The ALJ

9 also found plaintiff was not disabled prior to this date.  See id. at 31.  Plaintiff contends the

10 selection of this date was arbitrary.

11         In response, defendant contends: "The ALJ properly found that Plaintiff's

12 migraine headaches and degenerative disc disease were non-severe impairments prior to

13 November 1, 2017."  ECF No. 20, pg. 13.  This, however, is not an accurate reading of the

14 hearing decision.  As to migraine headaches, defendant's argument suggests that the impairment

15 was considered severe as of November 1, 2017.  The ALJ, however, never found migraines to be

16 a severe impairment, before or after November 1, 2017.  As to degenerative disc disease, the ALJ

17 never identified this as an impairment, severe or otherwise, at any time.

18         The Court has scoured the hearing decision for references to various onset dates

19 and a supported rationale for selecting November 1, 2017, as the precise onset date indicated by

20 the record, to no avail.  The only discussion of the November 1, 2017, onset date is as follows:

21
22                As for the opinion evidence, on April 5, 2018, Irvin S. Belzer, M.D., a
State agency medical expert, responded to medical interrogatories sent
after the hearing, and opined that the claimant equaled listing 11.14B.4
23                and 14.09B.2, effective November 2017 (Exhibit 15F).  The undersigned
gives great weight to this opinion, and has adopted it within the decision
24                of this case. . . .

25                CAR 31.

---

26        [2]     Plaintiff also argues the ALJ erred at Step 2 in determining that plaintiff's
migraine headaches and degenerative disc disease are non-severe impairments; the ALJ erred at
27 Step 3 in failing to consider the impact of plaintiff's degenerative disc disease, insomnia, fatigue,
and obesity; the ALJ erred at Step 4 with respect to weighing the medical opinions; at Step 4, the
ALJ failed to provide sufficient reasons to rejects plaintiff's statements and testimony as not
28 credible; and the ALJ erred at Step 5 in applying the Medical-Vocational Guidelines.

1    Though the ALJ cites Dr. Belzer's conclusion, neither the ALJ nor Dr. Belzer

2    references any evidence in support of the conclusion.  At Step 3, the ALJ concluded that

3    plaintiff's impairments did not meet or medically equal the Listings of Impairments prior to

4    November 1, 2017.  See CAR 20-22.  The discussion accompanying this conclusion, however, is

5    completely devoid of any mention of evidence referencing November 1, 2017.  At Step 4, the

6    ALJ concluded plaintiff had the residual functional capacity for light work prior to November 1,

7    2017.  See id. at 22-28.  While the ALJ discusses the evidence prior to November 2017, the ALJ

8    does not explain what changed to render plaintiff disabled as of November 1, 2017, or make any

9    mention of that specific date.

10    Given this lack of evidentiary support, the Court agrees with plaintiff that the

11    November 1, 2017, onset date was arbitrarily selected.  Due to this error, the Court cannot say

12    that the remainder of the ALJ's analysis is free from defect.  The Court finds that the matter must

13    be remanded to allow the Commissioner to establish the onset date with certainty and based upon

14    objective evidence.

15

16    **IV.  CONCLUSION**

17    For the foregoing reasons, this matter will be remanded under sentence four of 42

18    U.S.C. § 405(g) for further development of the record and/or further findings addressing the

19    deficiencies noted above.

20    Accordingly, IT IS HEREBY ORDERED that:

21    1.    Plaintiff's motion for summary judgment, ECF No. 19, is granted;

22    2.    Defendant's motion for summary judgment, ECF No. 20, is denied;

23    3.    The Commissioner's final decision is reversed and this matter is remanded

24    for further proceedings consistent with this order; and

25    4.    The Clerk of the Court is directed to enter judgment and close this file.

26    Dated:  September 25, 2020

27    DENNIS M. COTA

28    UNITED STATES MAGISTRATE JUDGE