IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIE R. SUSKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:19-CV-0959-DMC<br><br><br><br>ORDER |

　　　　Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgement has been entered. See ECF No. 24. Pending before the Court is Plaintiff's counsel's motion for an award of attorney's fees and costs in the amount of $12,784.48 under the Equal Access to Justice Act (EAJA), representing fees of $12,267.56 plus costs of $516.92. See ECF No. 26. Counsel has filed a supporting declaration. See ECF No. 27. Defendant has filed an opposition. See ECF No. 28. Plaintiff's counsel has filed a reply. See ECF No. 29. In

/ / /

/ / /

/ / /

/ / /

1

Plaintiff's counsel's reply, counsel seeks an additional award of $2,181.13.[1] The total award sought by Plaintiff's counsel is $14,448.69 in fees plus costs of $516.92.

## I. STANDARDS FOR EAJA MOTION

Because this Court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the Court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court. See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998). Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the

---

[1] Plaintiff's counsel does not set forth in his declaration the claimed amounts. Based on the timesheets provided, it appears this amount represents 10.3 hours of attorney time at varying rates which are not challenged by the Commissioner. Of the total hours claimed in association with the EAJA fees motion, 6.3 were billed at a rate of $207.78 per hour, for a total of $1,309.01. The remaining 4 hours were billed at a rate of $217.54 per hour, for a total of $871.12.

Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570).  If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted.  See Flores, 42 F.3d at 569-71.  A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ."  Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, the Court may award "reasonable attorney's fees," which are set at the market rate.  See 28 U.S.C. § 2412(d)(2)(A).  The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended").  The Court has an independent duty to review the evidence and determine the reasonableness of the fees requested.  See Hensley, 461 U.S. at 433, 436-47.  The "court can impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation."  Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)).  A reduction of more than 10% requires specific findings regarding the unreasonableness of the amount reduced.  See id.

Finally, in most cases fees awarded under the EAJA are payable directly to the client, not counsel.  See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

///
///
///
///
///
///

## II. DISCUSSION

The Commissioner has filed an opposition to Plaintiff's motion for fees and expenses under the EAJA.  See ECF No. 28.

The Commissioner raises five specific arguments related to fees.  First, the Commissioner contends the hours spent for Plaintiff's opening brief are duplicative.  See id. at 4-5.  Second, the Commissioner argues 0.8 paralegal hours and 1.1 attorney hours are not compensable because they represent clerical work.  See id. at 5-6.  Third, the Commissioner asserts the Court should disallow 0.9 attorney hours incurred as a result of counsel's own delay.  See id. at 7.  Fourth, the Court should not allow any time associated with a reply to the Commissioner's opposition to the instant fee motion.  Fifth, paralegal work may not be compensated at the requested rate of $130.00 per hour.  Id.

The Commissioner does not argue that the government's position was substantially justified.  Nor does the Commissioner challenge the amount sought for costs.

### A. **Paralegal Rate**

The Commissioner argues:

> Plaintiff requests that Mr. Ragnes's time be compensated at the rate of $130 per hour. This Court has repeatedly held that "that the prevailing market rate for work performed by paralegals in this district is $100 per hour." Lara v. Berryhill, No. 2:16-cv-0034 DB, 2017 WL 4679989, at *3 (E.D. Cal. Oct. 18, 2017); see also Hay, 2018 WL 6700969, at *4; Dittmar v. Berryhill, No. 2:15-cv-1630 DB, 2017 WL 4277590, at *3 (E.D. Cal. Sept. 27, 2017) (same).

ECF No. 28, pg. 7.

As Plaintiff acknowledges, the presumptive rate in this district for paralegals is $100.00 per hour.  See ECF No. 26, pg. 17, n.8.  As Plaintiff also acknowledges, Plaintiff's counsel's paralegal, Mr. Ragnes, has been approved at this rate in social security cases in this district as recently as 2020.  See Viera v. Saul, No. 2:18-CV-0955-DB (E. D. Cal. 2020); see also Lara v. Berryhill, No. 2:16-CV-0034-DB (E.D. Cal. 2017)).  The Court agrees with Plaintiff that a case-by-case approach is appropriate to consider Mr. Ragnes's education and experience and finds that such an approach warrants a rate of $130.00 per hour.  The Court has also considered that Mr. Ragnes earned a law degree in 2003, is a registered Social Security non-attorney

4

representative, and has over 17 years of experience in Social Security matters. See ECF No. 26, pg. 18, n.8.

According to counsel's billing statement, Mr. Ragnes expended a total of 19.3 hours on the case at a rate of $130.00/hour. See ECF No. 26-2. Of these hours, 1.9 hours were not charged. See id. The total billed for Mr. Ragnes was $2,262.00. See id. The Court finds this reasonable.

**B.      Counsel's Delay**

The Commissioner challenges three time entries, totaling 0.9 hours, arguing that the Court should not compensate Plaintiff's counsel for counsel's own delay. See ECF No. 28, pg. 7.

The Commissioner references the following entries:

| Time | Date | Description |
| --- | --- | --- |
| 0.1 | 7-18-2019 | Review court notice re filing order to show cause within 30 days re: failure to deliver summons and complaint on Marshall; follow-up with Mr. Ragnes concerning same. |
| 0.7 | 2-3-2020 | Review case status and Lucia violation issue memorandum from Mr. Ragnes; follow-up with Mr. Ragnes concerning same and [redacted] instruction to seek further extension of time in light of case status. Monitor communications opposing counsel extension request. |

ECF No. 26-2, pgs. 2-3.

The Commissioner does not explain how the February 3, 2020, entry, which mainly relates to Plaintiff's counsel's time on a substantive legal issue, is the result of counsel's own delay or is otherwise unreasonable. The time will be allowed.

The Commissioner's argument concerning the July 18, 2019, entry is not well-taken. Plaintiff's counsel billed 0.1 hours of time (or 6 minutes) to review the Court's order to show cause why the matter should not be dismissed for Plaintiff's failure to submit service documents to the United States Marshal is neither unduly lengthy or unnecessary . This time was the result of counsel's own delay and will not be disallowed.

5

Counsel's time entries reflect additional time billed related to the Court's order to show cause:

| Time | Date | Description |
|---|---|---|
| 0.1 | 8-14-2019 | Review court notice re filing of discharge of order to show cause. |

ECF No. 26-2, pg. 2.

This time reflects activity that any responsible counsel would have dedicated to keeping apprised of notices from the Court. No deduction of fees is appropriate here. .

### C.  Clerical Work

The Commissioner argues that, regardless of who performed the task, Plaintiff cannot be compensated under the EAJA for clerical work. See ECF No. 28, pgs. 5-6. Specifically, the Commissioner challenges entries from May 27, 2019, May 29, 2019, November 20, 2019, March 30, 2020, and April 19, 2020. See ECF No. 28, pg. 6. The specific entries at issue are as follows:

| Time | Date | Description |
|---|---|---|
| 0.5 | 5-27-2019 | Receive and review Ms. Suske's signed papers, including in forma pauperis application. Prepare complaint, civil cover sheet; forward complaint and supporting papers to Mr. Weems for approval; receive approval to file. (Ragnes). |
| 0.1 | 5-29-2019 | Review scheduling order for material changes from prior district standing order in Social Security appeals. (Weems). |
| 0.3 | 11-20-2019 | Conference with Mr. Weems re magistrate judge accept/decline, draft consent to Magistrate. (Ragnes). |
| 0.5 | 3-30-2020 | Review court notice re filing of cross motion; retrieve and skim argument. (Weems). |
| 0.5 | 4-19-2020 | Prepare reply memorandum for filing, efiling activities, upload and receipt of confirmation. (Weems). |

ECF No. 26-2, pgs. 1-2, 5.

///

Filing and document organization time is generally considered clerical. See Nadarajah v. Holder, 569 F.3d 906 (9th Cir. 2009). However, the time described is not properly characterized as clerical activities, and is not subject to deduction here

### D. Opening Brief

The Commissioner argues that the time billed by Plaintiff's counsel for preparation of the opening brief in this case was unreasonable. See ECF No. 28, pgs. 4-5. According to the Commissioner:

> . . . Here, Mr. Ragnes spent 15 hours reviewing the record, performing legal research, and writing a memorandum. ECF No. 26-2, Ragnes entries for 1/15/2020 (1.5 hours); 2/1/2020 (5 hours); 2/2/2020 (1.5 hours); 2/4/2020 (2 hours); 2/16/2020 (4 hours); and 2/18/2020 (1 hour). Mr. Weems then spent 19.8 hours reviewing Mr. Ragnes's memorandum, reviewing the record, and drafting the opening brief. ECF No. 26-2, Weems entries for 2/19/2020 (4 hours); 2/20/2020 (4.1 hours); 2/21/20 (1.1 hours); 2/22/20 (2 hours); 2/25/2020 (4.6 hours); 2/26/2020 (4 hours). Mr. Weems then spent 14.3 hours revising his opening brief. ECF No. 26-2, Weems entries for 2/27/2020 (3 hours); 2/28/2020 (2.3 hours); 2/29/20 (4 hours); 3/1/2020 (5 hours).
> Mr. Weem's business practice creates inefficiencies that should not be passed on to the Government. . . .
> Based on the duplication of work, the 19.8 hours spent by Mr. Weems drafting should be reduced by the 15 hours sought for Mr. Ranges's time. In addition, the 14.3 hours spent revising should be reduced to 5 hours. Thus, Plaintiff's fee request should be reduced by 24.3 attorney hours. . . .

ECF No. 28, pgs. 4-5.

The Commissioner challenges a total of 49.1 attorney hours in three groups: (1) 15 hours for record review, research, and preparation of the opening brief; (2) 19.8 hours record review, review of a memorandum prepared by counsel's paralegal, and further preparation of the opening brief; and (3) 14.3 hours to revise the opening brief. The Commissioner does not raise any argument concerning the 15 hours in group 1. The Commissioner contends that some of the 19.8 hours in group 2 are duplicative of 15 hours claimed for counsel's paralegal to conduct legal research and prepare a memorandum and should be reduced by all the time spent by the paralegal – 15 hours. The Commissioner also contends the 14.3 hours billed in group 3 for final revisions to the opening brief should be reduced to 5 hours. Overall, the Commissioner seeks a reduction in time spent by counsel on record review and preparation of the opening brief by almost 50%.

7

The Court agrees that a reduction is warranted with respect to preparation of the opening brief.  The inefficiency created by two professionals performing the same work over substantial periods of time supports the Commissioner's argument.  Here, Mr. Ragnes started by conducting legal research and drafting a brief over 15 hours.  Mr. Weems then spent 19.8 hours performing the same tasks.  Finally, Mr. Weems spent an additional 14.3 hours with revisions the brief.  Presumably, the draft prepared by Mr. Ragnes would be the basis of the brief prepared and then revised by Mr. Weems.  It is not reasonable that Mr. Weems expended just over 34 hours completing a brief based on 15 hours of preparation by an experienced and skilled paralegal.

The invoice strongly indicates duplication of effort, at least as to the 14.3 hours Mr. Weems spent in revision of the opening brief over the 19.8 hours he spent reviewing Mr. Ragnes's extensive efforts over 15 hours.  Given this apparent duplication, the Court will reduce Mr. Weems' time for preparation of the opening brief by the amount of time spent by Mr. Ragnes This will result in a reduction of the total EAJA fees award in the amount of $3,078.75 (15 hours attorney time at a rate of $205.25 per hour).

### E. Reply Brief

According to the Commissioner:

> The Commissioner anticipates that counsel will submit an EAJA reply brief. If and when she files such a brief, she must demonstrate that the time spent preparing that brief was reasonable. If this Court agrees with the Commissioner's arguments in this Opposition, the Court should disallow fees for time spent on any reply brief. *See INS v. Jean*, 496 U.S. 160, 163 n.10 (1990) ("fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation"). Indeed, billing for a potentially lengthy and unreasonable EAJA reply would simply afford Plaintiff's counsel the chance to increase the total hours and fees in this case, when an increase is unwarranted. In addition, Plaintiff has not justified the rate of 266.77 per hour she seeks for any reply time.

ECF No. 28, pg. 7.

The Commissioner's argument that Plaintiff is not entitled to fees associated with the pending EAJA motion is unpersuasive.  The Commissioner contends fees associated with litigation over fees should not be allowed if a claimant is ultimately unsuccessful in such litigation.  As discussed above, the Court finds that Plaintiff's counsel is entitled to most of the

8

fees requested. The Commissioner concedes as much by acknowledging in opposition to Plaintiff's fee motion that Plaintiff should prevail, at least in part, on the request for EAJA fees. See ECF No. 28, pgs. 7-8 (arguing that a reasonable fee for this case would be $6,627.05). While the Court has not accepted such a radical reduction, in light of the findings above, Plaintiff's counsel is not ultimately unsuccessful on the pending motion. The Court will allow the requested fees of $2,181.13 associated with the pending EAJA fees motion.

### III.  CONCLUSION

As discussed above, the Court finds that an award of EAJA fees is warranted. Plaintiff's counsel requests that payment be made directly to him. Counsel is not normally entitled to direct receipt of fees under the EAJA, so that the government may offset the payment with the plaintiff's debt. See Astrue v. Ratliff, 560 U.S. 586, 598 (2010). Since the decision in Ratliff, many courts in this district have authorized payment of fees under the EAJA directly to Plaintiff's counsel. See e.g., Nobles v. Berryhill, 2017 U.S. Dist. LEXIS 172075 (E.D. Cal. 2017), Alvarado v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 118354 (E.D. Cal. 2018), Blackwell v. Astrue, 2011 U.S. 35744 (E.D. Cal 2011). These payments directly to counsel are based upon the government's discretionary ability to reject assignment of any claims against it to third parties under the Anti-Assignment Act. See United States v. Kim, 806 F.3d 1161, 1169-70 (9th Cir. 2015). This discretionary ability to reject assignment of claims "applies to an assignment of EAJA fees in a social security appeal." Yesipovich v. Colvin, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015). Mr. Weems has furnished his agreement with Plaintiff providing that he be paid any EAJA fees directly, minus any offset due to any potential outstanding debt by Plaintiff. Because the government has not challenged this assignment, may still offset any of Plaintiff's debt, and may discretionarily reject the assignment, EAJA fees will be made payable to counsel.

Plaintiff's counsel seeks an award of $14,448.69 in fees plus costs of $516.92. The Commissioner does not challenge the amount sought for costs, and this amount will be allowed. As discussed above, the total award will be reduced by $3,078.75 for duplication of effort. The resulting in a total fee award of $11,886.86.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for an award of fees under the EAJA, ECF No. 26, is GRANTED in part.

2. Plaintiff is awarded $11,886.86, inclusive of fees and costs as described above, payable to Plaintiff's counsel subject to any offset of debts.

Dated: February 1, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE